114 F.3d 1193
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Georgia D. CONANT, Plaintiff-Appellant,
v.
John J. CALLAHAN,* Acting Commissioner of
Social Security, Defendant-Appellee.
 No. 96-55146.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1997.**
Decided May 21, 1997.
 
 Before: MAGILL,*** RYMER, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM****
 
 
 2
 Georgia D. Conant brought this action, seeking judicial review of the Social Security Commissioner's (Commissioner) decision to deny Conant's claim for benefits under the Social Security Act. The district court affirmed the Commissioner's decision, and Conant appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291 (1994), and we affirm.
 
 I.
 
 3
 This Court reviews de novo a district court's decision to uphold the Commissioner's denial of benefits. Macri v. Chater, 93 F.3d 540, 543 (9th Cir.1996). The Commissioner's decision to deny benefits must be affirmed if that decision is supported by substantial evidence and the Commissioner applied the correct legal standards. Id.
 
 II.
 
 4
 Conant argues that the ALJ gave insufficient weight to the San Diego general relief eligibility forms filled out by Dr. Adams, Dr. Faine, and Dr. Vecchione in which each doctor indicated that Conant was "unemployable." We disagree.
 
 
 5
 The ALJ must give the opinions of treating physicians greater weight than the opinions of other physicians "[b]ecause treating physicians are employed to cure and thus have a greater opportunity to know and observe the patient as an individual...." Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir.1996). As a result, "an ALJ may not reject treating physicians' opinions unless he makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Id. (quotations and citation omitted). However, "[t]he ALJ need not accept a treating physician's opinion which is brief and conclusionary in form with little in the way of clinical findings to support its conclusion." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989) (quotations, citation, and alteration omitted).
 
 
 6
 The ALJ has provided specific and legitimate reasons based on substantial evidence for rejecting the conclusions of Dr. Adams and Dr. Faine. The ALJ rejected the treating physicians' conclusions because their opinions were not accompanied by objective evidence, but instead were mere assertions that Conant was "unemployable" for purposes of San Diego's general relief program. In this case, this lack of objective evidence is a sufficient basis upon which to reject the treating physicians' conclusory assertions. See id.
 
 
 7
 Moreover, the ALJ noted that the treatment notes of Conant's treating physicians indicated that Conant's irritable bowel syndrome (IBS) could be relieved through medication, a finding that at least partially contradicts the treating physicians' own conclusions that Conant was unemployable. See ALJ Decision (Mar. 18, 1994) at 4, reprinted in E.R. at 42. The ALJ also relied upon Dr. Schillaci's testimony that Conant's IBS was not chronic but merely "intermittent." See id. at 6, reprinted in E.R. at 44. Finally, the ALJ noted that Conant was able to play bingo 5 days a week for roughly five hours at a time, an activity and a duration of time that support the ALJ's conclusion that Conant's IBS was not disabling. See id. at 4, reprinted in E.R. at 42.
 
 
 8
 The ALJ's reasons for rejecting the conclusions of Dr. Vecchione are specific, legitimate reasons that are based on substantial evidence. In filling out the San Diego general relief eligibility form, Dr. Vecchione merely reported that Conant was "unemployable" because of "severe incomplete amputation." E.R. at 180. The ALJ rejected Dr. Vecchione's medical opinion because his reports "contain no significant objective findings that establish disability as meant in the law...." ALJ Decision at 6, reprinted in E.R. at 44.
 
 
 9
 Instead, the ALJ relied on the opinion of Dr. Schillaci who testified that "[Conant's] residual functional capacity [allowed] her to lift or carry 20 pounds occasionally, and 10 pounds frequently, with ... a limitation for forceful grasping with the left arm." Id. The ALJ also relied on his own observations of Conant's ability to use her left arm during the hearing; the ALJ "observed her to pick up and hold objects [with her left arm.]" Id. at 7, reprinted in E.R. at 45. Thus, the ALJ did not err in rejecting Dr. Vecchione's conclusion that Conant was unemployable.
 
 III.
 
 10
 Conant argues that the ALJ erred by not fully evaluating Conant's mental condition and by not adequately considering the interrelationship between Conant's mental condition and her IBS. We disagree.
 
 
 11
 In determining whether a claimant is disabled, the ALJ must consider the combined effect of all impairments from which the claimant suffers. See Macri, 93 F.3d at 545. In the present action, the ALJ expressly noted: (1) Conant's testimony that she suffered from anxiety attacks, (2) the evidence of Conant's October 22, 1992 anxiety attack, (3) Dr. Bolter's testimony regarding her mental condition, and (4) the evidence in Dr. Faine's treatment notes indicating a connection between IBS and Conant's mental condition. See ALJ Decision at 5, reprinted in E.R. at 43. After reviewing the evidence, the ALJ concluded that "[Conant's] conditions do not individually or in combination meet or equal the requirements of any listing of the Secretary's Listing of Impairments." Id. at 7, reprinted in E.R. at 45 (emphasis added). Thus, contrary to Conant's assertion, we conclude that the ALJ fully considered Conant's mental condition and adequately considered this impairment in conjunction with her IBS.
 
 IV.
 
 12
 Conant argues that the ALJ's determination that Conant was not disabled between April 30, 1990, and November 27, 1991, is not based on substantial evidence. We disagree.
 
 
 13
 For purposes of social security disability insurance benefits, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...." 42 U.S.C. § 423(d)(1)(A) (1994) (emphasis added); see also 42 U.S.C. § 416(i)(1)(A) (1994) (nearly identical standard). Although there is some evidence that suggests that Conant may have been disabled during the nineteen-month period from April 30, 1990, to November 27, 1991, substantial evidence supports the ALJ's conclusion that Conant was not disabled.
 
 
 14
 The record reveals that Conant was being treated for IBS during the period from April 30, 1990, to November 27, 1991. During this period, Conant's treating physicians indicated on an eligibility form for San Diego's general relief program that Conant was "unemployable" because of her IBS. However, as already noted, the ALJ did not err in rejecting the conclusions reached by Conant's treating physicians on the San Diego general relief forms. In addition, treatment notes from Conant's treating physicians indicate that two medications, Lomotil and Donnatal, may have provided Conant with relief. Indeed, by November 27, 1991, Dr. Faine indicated that Conant was in remission after taking her medication.
 
 
 15
 Furthermore, although Conant lost weight during this time period, she never met or exceeded the current criteria for any impairment listed in the Social Security Commissioner's Listing of Impairments. See 20 C.F.R. § 404, Subpt. P, App. 1 (1996). Listing 5.08 provides that a woman who is sixty-seven inches tall, like Conant, is impaired from weight loss due to a persisting gastrointestinal disorder if her weight is below 101 pounds for at least three months and her weight is expected to remain below that level for 12 months, despite prescribed therapy. See 20 C.F.R. § 404, Subpt. P, App. 1, Listing 5.08, Table II-Women. Conant's lowest recorded weight during this period was 118 pounds, or more than 15% heavier than the maximum weight for her height in Listing 5.08. Thus, given the evidence that supports the conclusion that Conant was not disabled during this time period, the ALJ did not err in rejecting the scant information to the contrary. Cf. Flaten v. Secretary of Health & Human Servs., 44 F.3d 1453, 1464 (9th Cir.1995) ("Although the absence of references to a claimant's condition are not as important as medical and lay testimony, the ALJ was entitled to draw an inference from the general lack of medical care for back problems during the intervening years between the two surgeries." (citations omitted)).
 
 V.
 
 16
 For the foregoing reasons, we affirm.
 
 
 17
 AFFIRMED.
 
 
 
 *
 John J. Callahan is substituted for his predecessor Shirley S. Chater pursuant to Federal Rule of Appellate Procedure 43(c)(1)
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 * The Honorable Frank J. Magill, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 **
 ** This Disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3